(No. 4404—

CHARLES O. McCAY AND WILLIAM A. HASSE, doing business as McCay and Hasse, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

MARKMAN, DONOVAN AND SULLIVAN, Attorneys for Claimants.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimants, Charles O. McCay and William A. Hasse, doing business as McCay and Hasse, filed their complaint in which they seek to recover damages for delay in connection with a grade separation contract between claimants and respondent acting through the Department of Public Works and Buildings. Respondent has filed a motion to dismiss.

In November, 1946, claimants' proposal to perform certain grade separation work in Cook County near 159th Street and Laramie Avenue was accepted by respondent, and a written contract was entered into. The contract price was slightly over $200,000.00.

At about the same time respondent entered into another contract with the Chicago, Rock Island and Pacific Railroad Company to perform certain other work in connection and conjunction with claimants' work. The Railroad Company was over a year late in doing what it was supposed to do, and claimants were delayed on that account.

Claimants allege that, by reason of the extra year's delay, they had to pay higher wages, and higher prices for materials to their damage in the sum of $30,633.94, and they further allege that no part of the delay was due to claimants' derelictions.

The contract entered into between claimants and respondent is attached to the complaint. Several provisions of the proposal leading up to the contract, found on pages 2, 4 and 6 thereof, preclude extra compensation.

Under Paragraph No. 3 of the document entitled "Contract", it is provided, among other things, that the "Standard Specifications for Road and Bridge Construction", dated July 1, 1942, is an essential document

of the contract between the claimants and respondent, and is made a part thereof. (Claimants' exhibit "A", page 37.) Article 5.7 of the Standard Specifications for Road and Bridge Construction, adopted July 1, 1942, provides in part as follows:

"* * * * * * *

Each contractor involved shall assume all liability, financial or otherwise, in connection with his contract and shall protect and save harmless the Department from any and all damages or claims that may arise because of inconvenience, delay, or loss experienced by him because of the presence and operations of other contractors working within the limits of the same project, and he shall assume all responsibility for all work not completed or accepted because of the' presence and operations of the other contractors.

* * * * * * * *"

In *Illinois Steel Bridge Co.* vs. *State*, 7 C.C.R. 75, this Court construed a contract provision almost identical with the above quoted provision from Standard Specifications, and held that such provision relieved the State of any liability for damages caused by delays of another contractor with the State. This decision binds us in this case.

We might also mention that the "equity and good conscience" test, which was used in certain cases cited by claimants, was abolished by the 1945 Court of Claims Act. Ill. Rev. Stat., 1949, Chap. 37, Secs. 439.1-439.24.

The motion of respondent to dismiss is sustained, and the case is hereby dismissed.